### A. L. St. George, Defendant in Error, v. Hamburg-American Line, Plaintiff in Error.

### Gen. No. 20,416.

1. INNKEEPERS, § 5*—*what is duty and obligation of as to property of guests.* An innkeeper owes the duty and assumes the obligation of safely keeping the property of his guests.

2. INNKEEPERS, § 5*—*what constitutes prima facie case in action for value of articles lost.* A prima facie case is made in an action for the value of jewelry lost from a drawer of plaintiff's room, where such plaintiff proves the relation of innkeeper and guest and the loss.

3. INNKEEPERS, § 2*—*when passenger steamer an inn.* A steamer carrying passengers upon the water and furnishing them with rooms and entertainment is for all practical purposes a floating inn, and the owner of such steamer owes the same duties to passengers as does an innkeeper to his guests.

PAM, J., dissenting.

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed February 16, 1916. Rehearing denied March 2, 1916.

WILLIAM SCHWEMM, for plaintiff in error.

MAXIMILIAN J. ST. GEORGE, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

The defendant in error, hereinafter referred to as plaintiff, recovered a judgment against the plaintiff in error, hereinafter referred to as defendant, for the value of an amethyst brooch, lost while sailing as a first-class passenger on one of the boats of the defendant. The evidence consisted entirely of the testimony of the plaintiff, and was to the effect that the brooch was in daily use during her passage; that she placed it in a drawer in her stateroom one evening, and the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

next morning it was gone. No evidence of any kind was offered on behalf of the defendant.

The law of this State, as laid down in *Rockhill v. Congress Hotel Co.*, 237 Ill. at p. 102, is that: "An innkeeper owes the duty and assumes the obligation of safely keeping the property of his guests, and if the property is lost, all that is necessary to make a prima facie case is to show the relation of innkeeper and guest and the loss."

In *Adams v. New Jersey Steamboat Co.*, 151 N. Y., at p. 167, the New York Court of Appeals held that; "A steamer carrying passengers upon the water, and furnishing them with rooms and entertainment, is, for all practical purposes, a floating inn, and hence the duties which the proprietors owe to the passengers in their charge ought to be the same. No good reason is apparent for relaxing the rigid rule of the common law which applies as between innkeeper and guest, since the same considerations of public policy apply to both relations."

The court further points out that cases of steamships are clearly distinguishable from cases involving sleeping car companies and common carriers generally. The reasoning of the Court of Appeals in the foregoing case appears to be sound, and it has been generally accepted as the law. The plaintiff, then, made out a prima facie case, and defendant did not see fit to offer any countervailing proof. In our opinion there is nothing in defendant's other contention that no competent evidence of value was given. The judgment must, therefore, be affirmed.

*Affirmed.*

PAM, P. J., dissenting.